TEXTO COMPLETO DE LA SENTENCIA
I
El recurrente, Carlos E. Villanueva Meléndez, quien se desempeña como Auxiliar en Contabilidad II en la Escuela Manuel Elzabora y Vizcarrondo del Distrito Escolar San Juan II de la parte recurrida, Departamento de Educación de Puerto Rico, solicitó a ésta la reclasificación de su plaza a una de Contador I.
Habiéndole denegado la recurrida dicha solicitud, el recurrente apeló a la Junta de Apelaciones del Sistema de Educación Pública ("J.A.S.E.P").
*697 Mediante resolución emitida el 13 de julio de 1999, J.A.S.E.P. declaró con lugar la apelación y ordenó la reclasificación del recurrente, basada en el informe del Oficial Examinador que entendió en el caso.
Posteriormente, sin embargo, a solicitud de la recurrida, el 13 de agosto de 1999, la J.A.S.E.P. reconsideró su dictamen original y denegó la apelación del recurrente. Esta decisión estuvo desprovista de determinaciones de hecho o conclusiones de derecho.
El dictamen de J.A.S.E.P. fue recurrido ante este Tribunal, KLRA99-00569. Mediante resolución emitida el 18 de febrero de 2000, otro de los paneles de este Tribunal revocó la decisión de J.A.S.E.P. y devolvió el caso ante dicha agencia para que procediera a formular por escrito los fundamentos para su actuación.
El 12 de junio de 2000, J.A.S.E.P. emitió una nueva resolución reafirmándose en su determinación de denegar la reclasifícación solicitada.
Así las cosas, el recurrente acudió de nuevo a este Tribunal mediante el recurso de autos.
Mediante resolución emitida el 29 de agosto de 2000, concedimos término a la recurrida para que compareciera a mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la resolución recurrida.
El Departamento de Educación ha comparecido por escrito.
Procedemos según lo intimado.
n
Según se desprende del recurso, el recurrente es empleado del Departamento de Educación. Desempeña sus funciones en la mencionada escuela Manuel Elzabora y Vizcarrondo del Distrito Escolar San Juan n. El recurrente tiene una experiencia de ocho (8) años como empleado del Departamento y cuenta con una maestría en gerencia y contabilidad.
La presente controversia tiene su origen en el Plan de Clasificación y Retribución adoptado por el Departamento, del 1ro. de julio de 1997. Antes de la vigencia de dicho plan, el recurrente tenía una clasificación de Auxiliar Fiscal HE.
Como resultado de la implementación del Plan, la plaza del recurrente fue revisada y éste fue reclasificado como Auxiliar en Contabilidad n. La descripción de empleo de dicha plaza es la siguiente:

“NATURALEZA DEL TRABAJO

Trabajo subprofesional en el campo de la contabilidad que comprende la ejecución de una serie de tareas relacionadas con los libros, cuentas y la preintervención de documentos fiscales.

ASPECTOS DISTINTIVOS DEL TRABAJO

El empleado realiza trabajo de moderada complejidad y responsabilidad dentro del ciclo de la contabilidad subprofesional en la revisión, procesamiento y registro de documentos fiscales o actuando como ayudante de un funcionario de mayor jerarquía. En el área de Finanzas puede actuar como Oficial Pagador. Ejerce su trabajo con iniciativa y criterio propio al planificar y coordinar algunas fases de su trabajo, contrario al nivel anterior dentro de la serie de clase. Recibe supervisión general en la relación a la encomienda del trabajo el cual realiza conforme a las normas y procedimientos establecidos. Su trabajo se revisa mediante las reuniones que sostiene con su supervisor y por los informes que rinde para determinar que el mismo haya sido realizado de acuerdo a las normas y requerimientos establecidos.

*698
EJEMPLOS DE TRABAJO

Revisa y contabiliza diariamente los comprobantes de pagos, conciliaciones, trasferencias internas, libramientos para traspasos, comprobantes de recaudación, remesas y otros documentos similares, para determinar la corrección, legalidad y propiedad de los desembolsos y aprueba o certifica los mismos.

Concilia cuentas bancarias contra los fondos y prepara la cuenta corriente.

Prepara comprobantes de recaudación y remesa.

Participa en la elaboración de estimados presupuestarios.

Recopila para uso de su supervisor la información necesaria para análisis periódicos de presupuesto.

Prepara la parte de desembolsos de la liquidación presupuestaria.

Prepara comprobantes de desembolsos para distintos pagos realizando los ajustes necesarios en las órdenes y solicitudes de crédito.

Orienta a los empleados sobre la preparación de los comprobantes de gastos de viajes.

Actúa como Pagador Especial.

Acredita todas las órdenes y comprobantes para procesar los pagos.

Atiende a suplidores y resuelve diferencias relacionadas con los pagos a casas comerciales.

Interpreta circulares relacionadas con su trabajo.

Rinde informe sobre su labor realizada y cualquier otro que se le requiera.

PREPARACION Y EXPERIENCIA MINIMA

Grado Asociado de una Universidad o Colegio acreditado que incluya o esté suplementada por doce (12) créditos en contabilidad y dos (2) años de experiencia relacionada con el ciclo de la contabilidad, uno (1) de éstos en funciones similares en cuanto a naturaleza y complejidad a las que realiza un Auxiliar en Contabilidad I en el Departamento de Educación.

Insatisfecho con su clasificación, el recurrente solicitó a la agencia que se le reclasificara como Contador I.

Las funciones enmarcadas en este último puesto son las siguientes:

NATURALEZA DEL TRABAJO

Trabajo profesional en el campo de la contabilidad.

ASPECTOS DISTINTIVOS DEL TRABAJO

El empleado es responsable de realizar trabajo de alguna complejidad y responsabilidad relacionado con la contabilidad. Realiza su trabajo con un grado moderado, de iniciativa y criterio propio al planificar y, coordinar las fases de su trabajo, pero consulta a su supervisor ante situaciones complejas, nuevas o imprevistas. Recibe supervisión general en relación a las encomiendas de trabajo. El trabajo es revisado durante y al terminar cada *699 tarea para determinar su progreso y su conformidad con las instrucciones impartidas.

EJEMPLOS DE TRABAJO

Analiza, registra y controla las transacciones en los libros fiscales que afectan las operaciones de los distintos programas del Departamento de Educación.

Mantiene actualizados los libros de contabilidad.

Ayuda en la preparación de estados financieros.

Colabora en la preintervención de documentos fiscales que origina el Departamento de Educación tales como facturas, compras, contratos, pagos e ingresos para determinar su corrección, propiedad y legalidad.

Revisa los estados de cuentas que se someten para determinar si se han efectuado los pagos.

Mantiene los registros y cuentas correspondientes al día y realiza reconciliaciones y ajustes necesarios a las mismas.

Prepara informes fiscales de fondos estatales y federales.

Prepara libramientos para transferencias de fondos de una asignación a otra.

Mantiene control de facturas al cobro.

Tramita las facturas de cobro que efectúa el programa.

Opera máquinas de sumar y de calcular.

PREPARACION Y EXPERIENCIA MINIMA

Bachillerato de Universidad o Colegio acreditado que incluya o esté suplementado con veintiún (21) créditos en contabilidad. ”

El 5 de junio de 1998, el Departamento de Educación denegó la solicitud de reclasificación del recurrente. El recurrente apeló ante J.A.S.E.P.
Luego de otros incidentes, incluyendo la celebración de una vista evidenciaría, el 18 de mayo de 1999, el Oficial Examinador de J.A.S.E.P. emitió un informe en el que recomendaba que se concediera la reclasificación solicitada por el recurrente.
En su informe, el Oficial Examinador determinó que el recurrente llevaba a cabo las siguientes funciones en su trabajo:

“1. Planifica, coordina y dirige las transacciones de contabilidad de los fondos y asignación presupuestaria de la escuela, siguiendo las normas, procedimientos y reglamentación establecida.

2. Es responsable de mantener los registros de las cuentas correspondientes a las escuelas.

3. Es responsable de salvaguardar los fondos que le sean asignados.

4. Prepara ajustes de transferencias y solicitudes de fondos.

*700
5. Prepara los análisis de contabilidad y estados financieros.

6. Prepara las reconciliaciones bancadas.

7. Prepara los informes de ingreso y gastos mensuales, semestrales y anuales (según requerido).

8. Revisa, procesa, aprueba o certifica los documentos para diversas transacciones fiscales que se efectúen.

9. Revisa las transacciones fiscales para determinar la legalidad de los desembolsos y certifica los mismos.

10. Interpreta los reglamentos y circulares relacionados con el procedimiento fiscal.

11. Revisa y redacta correspondencia.

12. Registra transacciones de pago en los libros de contabilidad por programas y cuentas.

13. Solicita cotizaciones y prepara órdenes de compra.

14. Realiza otras tareas que le sean asignadas.

15. Realiza coordinación en el área de mantenimiento en la planta física tales como áreas verdes, electricidad, etc. ”

El Oficial Examinador concluyó que las funciones llevadas a cabo por el recurrente correspondían más bien a las de Contador I. Al llegar a esta determinación, el Oficial Examinador contrastó las funciones que llevaba a cabo el recurrente con las de su clasificación anterior como Auxiliar Fiscal HI y no con las de su posición como Auxiliar en Contabilidad n.
El 13 de julio de 1999, la J.A.S.E.P. emitió resolución acogiendo la recomendación de su Oficial Examinador y ordenó a la recurrida que procediera a reclasificar al recurrente a Contador I.
El Departamento de Educación presentó una moción de reconsideración, alegando que el Oficial Examinador se había limitado a determinar las funciones llevadas a cabo por el recurrente y a contrastar las mismas con su plaza, sin realizar, como tal, determinaciones sobre el derecho aplicable. El Departamento también planteó que el Oficial Examinador había errado al comparar las labores del recurrente con su clasificación anterior de Auxiliar Fiscal III, en lugar de su plaza actual de Auxiliar en Contabilidad n. La recurrida alegó, finalmente, que el recurrente no había sufrido perjuicio alguno en su reclasificación y que, como cuestión de derecho, el Departamento gozaba de amplia discreción para ubicar al funcionario en una u otra clasificación.
Luego de los trámites antes indicados, el 12 de junio de 2000, la J.A.S.E.P. emitió la resolución en reconsideración objeto del presente recurso, dejando sin efecto su determinación original y denegando la apelación del recurrente.
En su resolución, la J.A.S.E.P. no descartó el hallazgo anterior del Oficial Examinador de que las funciones desempeñadas actualmente por el recurrente caían bajo la descripción de la plaza de Contador I. Señaló, sin embargo, que las funciones del recurrente eran más bien propias de las que se llevan a cabo en las Escuelas de la Comunidad y no en las Regiones Educativas o a nivel central.
La J.A.S.E.P. observó que, de acuerdo al testimonio presentado en la vista, los Contadores I se encontraban en la Oficina Central o Región Educativa del Departamento, mientras que los Auxiliares en Contabilidad II se encuentran en las Escuelas de la Comunidad, por lo que el recurrente, quien labora en una Escuela de Comunidad, debía entenderse bien clasificado en su plaza. El organismo señaló, en este sentido,que:

*701
“La perito de la parte apelada estableció claramente que el apelante está bien clasificado de acuerdo a las funciones que realiza en la Escuela de Comunidad. Aunque hay algunos Contadores I ubicados en algunas Escuelas de la Comunidad, ello se debe a que solicitaron reubicación en las mismas. ”

J.A.S.E.P. también expresó que aunque el recurrente tenía una amplia preparación académica ello no era un requisito para la plaza de Contador I. Observó que el recurrente contaba con la opción de solicitar un ascenso dentro del Departamento.
Los fundamentos invocados por J.A.S.E.P. en su resolución fueron distintos a los levantados por el Departamento en su moción de reconsideración.
Insatisfecho con la determinación de J.A.S.E.P., el recurrente acudió nuevamente a este Tribunal.
III
En su recurso, el recurrente plantea que erró J.A.S.E.P. al variar su determinación original y denegar su reclasificación contrario a la prueba desfilada ante la agencia.
La norma de derecho en el campo administrativo es que las decisiones de los organismos administrativos especializados merecen gran consideración y respeto por los tribunales, y que su revisión judicial debe estar limitada a determinar si la agencia en el caso particular actuó arbitrariamente, ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción. Franco Dominicci v. Departamento de Educación, 148 D.P.R (1999), 99 J.T.S. 108, a la pág. 1,250; T-JAC, Inc. (Wal-mart Caguas) v. Caguas Centrum Limited Partnership, S.E., 148 D.P.R. _ (1999), 99 J.T.S. 60, a la pág. 884; Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Las determinaciones de hechos formuladas por las agencias administrativas de ordinario serán sostenidas por el tribunal, si las mismas están basadas en evidencia sustancial que obra en el expediente administrativo. 3 L.P.R, A. see. 2175; Ramírez Rivera v. Departamento de Salud y Administración de Salud Mental y Contra la Adicción, 147 D.P.R. _ (1999), 99 J.T.S. 47, a la pág. 817; Rivera Rentas v. A & C Development Corp., 144 D.P.R. _ (1997), 97 J.T.S. 143, a la pág. 344; Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R., 144 D.P.R. _ (1997), 97 J.T.S. 142, a la pág. 332; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987).
Ello no implica, sin embargo, una renuncia a la función revisora de los tribunales cuando la determinación de la agencia resulta errónea. Véase, Fuertes y Otros v. A.R.P.E., 134 D.P.R. 947, 953 (1993).
Aunque, según se conoce, los tribunales deben gran deferencia a las determinaciones de las agencias administrativas, pueden intervenir cuando tales determinaciones no están sustentadas por evidencia sustancial en el récord, son irrazonables, o carecen de fundamentos. R.B.R. Construction S.E. v. Autoridad de Carreteras, 149 D.P.R. _ (2000), 2000 J.T.S. 7, a la pág. 468,
En la situación de autos, el recurrente se queja de que la J.A.S.E.P. erró al ubicar su clasificación como una de Auxiliar en Contabilidad n, a pesar de que el Oficial Examinador que estuvo a cargo del caso había determinado que sus funciones correspondían a la de un Contador I.
Según las descripciones de dichas plazas citadas anteriormente, se trata de posiciones distintas con diferentes grados de responsabilidad. La posición de Contador I es una posición de trabajo "profesional en el área de contabilidad", que requiere una preparación de bachillerato con veintiún (21) créditos en contabilidad. Por su parte, la posición de Auxiliar en Contabilidad II es una posición "subprofesional". La misma sólo requiere un grado asociado con (12) créditos en contabilidad.
*702 En la situación de autos, el listado de tareas llevadas actualmente por el recurrente incluye tareas de contabilidad tales como "[p]lanifica[r], coordina[r] y dirig[ir] las transacciones de contabilidad de los fondos y asignación presupuestaria de la escuela, siguiendo las normas, procedimientos y reglamentación establecida", "lp]repara[r] los análisis de contabilidad y estados financieros", ”[r]evisa[r] las transacciones fiscales para determinar la legalidad de los desembolsos y certifica[r] los mismos", entre otras. El recurrente cuenta con un bachillerato y maestría en contabilidad.
Según hemos visto, luego de un examen de las funciones del recurrente, el Oficial Examinador determinó que las mismas correspondían a las de un Contador I.
En su resolución, la J.A.S.E.P. no negó que el recurrente estuviera realizando funciones de contabilidad. Dicho organismo consideró, sin embargo, que el recurrente debía ser clasificado como Auxiliar en Contabilidad II en lugar de Contador I porque las plazas de esta última clasificación de ordinario trabajan en la Oficina Central o Región Educativa, mientras que el recurrente se desempeñaba en una escuela. Aunque la agencia admitió que había Contadores I en escuelas de la Comunidad, señaló que "ello se debe a que solicitaron reubicación para las mismas."
Hemos examinado la descripción de la plaza de Contador I adoptada por la agencia y no hallamos nada en la misma que limite dicha clasificación a los empleados que desempeñan las funciones mencionadas a nivel central o de distrito educativo. Al contrario, la distinción entre dicha plaza y la de Auxiliar en Contabilidad II depende de la complejidad de las funciones que desempeñe el empleado en cuestión y el carácter "profesional" o "subprofesional" del trabajo que se realice.
La garantía constitucional de igual paga por igual trabajo establecida por la Sección 16 del Art. II de la Constitución requiere que se atienda más bien a las funciones que desempeña un empleado y no a su lugar de trabajo. Dicha garantía persigue ofrecer un tratamiento equitativo y justo a los trabajadores en la fijación de su sueldo y demás formas de retribución. Guzmán Rosario v. Departamento de Hacienda, 147 D.P.R. _ (1998), 98 J.T.S. 145, a la pág. 269; véase, además, 3 L.P.R.A. sec. 760a.
La interpretación adoptada por J.A.S.E.P. en este caso implicaría negar a toda persona que se desempeñe en una escuela la clasificación de Contador I, a pesar de que dicha persona esté efectivamente llevando a cabo trabajo profesional de contabilidad. Cabe señalar, sin embargo, que con la adopción por la Asamblea Legislativa del concepto de Escuela de la Comunidad, muchas de las funciones de contabilidad previamente realizadas a nivel central habrán forzosamente de ser transferidas a la Escuela individual, la que goza de autonomía fiscal para preparar, administrar y fiscalizar su presupuesto. 18 L.P.R.A, see. 2515.
Reconocemos que se trata de un área donde la agencia goza de una amplia discreción. Nigaglioni Mignucci v. Departamento de Salud, 149 D.P.R. _ _ (1999), 99 J.T.S. 148, a la pág. 81. Pero no entendemos que ello autorice al Departamento de Educación a conceder una retribución desigual a empleados que llevan a cabo unas mismas funciones.
Según indicado, no existe controversia en cuanto al hecho de que al presente existen funcionarios a nivel de escuela que gozan de una clasificación de Contador I. No percibimos base para negar al recurrente la misma clasificación cuando, según sucede en el caso de autos, existe una determinación de que dicha parte realiza las funciones de un contador. La garantía constitucional de la Sección 16 del Art. II de la Constitución así lo requiere.
Por los fundamentos expresados, se expide el auto y se revoca la resolución recurrida. Se ordena a la agencia recurrida a que proceda a reclasificar al recurrente en la plaza de Contador I con los beneficios correspondientes a dicha clasificación.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
*703 Aida Qeana Oquendo Graulau
Secretaria General